**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VELTON LAMONT BOONE, | No. 23-3605 |
| Plaintiff - Appellant, | D.C. No.<br>4:21-cv-08053-JSW |
| v. | |
| Warden KATHLEEN ALLISON; Warden RON DAVIS; DANIEL SMITH; DENISE REYES; TOOTELL; G. SONG; M. POPORI; P. TAFOYA; D. RALSTON; E. DOS SANTOS-CHEN; A. VASEDEVA; D. KALAUOKALANI; M. BOPARAI, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted April 22, 2025**

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

California state prisoner Velton Lamont Boone appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment for Dr. Reyes because Boone failed to raise a genuine dispute of material fact as to whether her conduct resulted in the delay of Boone's surgery. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (explaining that an Eighth Amendment claim requires showing that the official's "act or omission . . . result[ed] in the denial of the minimal civilized measure of life's necessities" (citation and internal quotations marks omitted)).

The district court properly granted summary judgment for Dr. Smith and Dr. Tootell because Boone failed to raise a triable dispute as to whether their decision to postpone the surgery so that Boone could receive consistent physical therapy post-surgery was medically unacceptable. *See Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (explaining that to show deliberate indifference under the Eighth Amendment, the plaintiff must "show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for the Statewide Medical Authorization Review Team defendants because Boone failed to raise a

triable dispute as to whether they acted with deliberate indifference in deciding to delay the surgery. *See Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 642 (9th Cir. 2021) (stating that "a mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for Warden Davis and California Department of Corrections and Rehabilitation Secretary Allison because Boone failed to raise a triable dispute as to whether the requirements of supervisory liability under § 1983 were met. *See Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (explaining that under § 1983, "supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others" (citation and internal quotation marks omitted)).

**AFFIRMED.**